UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIANYI GAO, LIU YU, and LIU LI, individually and on behalf of others similarly situated,<br><br>  Plaintiffs,<br><br>-against-<br><br>HIGH MAY INC. and DUO WANG,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT**<br><br><br>**Collective Action and Class Action Complaint** |

Plaintiffs TIANYI GAO ("Gao"), LIU YU ("Yu"), and LIU LI ("Li") individually and on behalf of others similarly situated by and through their attorneys, FISHER TAUBENFELD LLP, allege against Defendants HIGH MAY INC. ("High May" or the "Corporate Defendant") and DUO WANG ("Wang" or the "Individual Defendant") (collectively, the "Defendants") as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this district, the Corporate Defendant resides in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

3. Defendant High May is a domestic business corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 14-15 Redfern Ave, Far Rockaway, NY 11691.

4. Defendant High May ships goods from producers in the United States to China and vice versa. They operate a warehouse and a store in Queen County, New York.

5. Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

6. At all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

7. Plaintiffs and Defendants' other employees regularly handled and used equipment that were moved in or produced for interstate commerce.

8. At all relevant times hereto, Plaintiffs were engaged in interstate "commerce" within the meaning of the FLSA.

9. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

10. At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiffs.

11. At all relevant times hereto, Defendants have been Plaintiffs' employers within the meaning of the New York Labor Law ("NYLL") §§ 2 and 651.

12. Each Plaintiff is an adult individual who has been employed by Defendants within the last six (6) years.

13. Upon information and belief, Defendant Duo resides in the State of New York and is an owner, manager, and/or employee of the Corporate Defendant.

14. Upon information and belief, Defendant Duo is the sole owner of the Corporate Defendant and operates the Corporate Defendant. Defendant Duo makes and/or made hiring and firing, scheduling, and payroll decisions and maintains pay records on behalf of the Corporate Defendant.

15. Defendant Duo is a natural person engaged in business in the State of New York, who is sued individually in his capacity as an owner, manager, and/or agent of the Corporate Defendant.

16. Defendant Duo exercises operational control over the Corporate Defendant's operations.

17. At all relevant times, all Defendants have been Plaintiffs' employer within the meaning of the FLSA and NYLL. Defendant Duo possessed and executed the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, determined the rate and method of any compensation in exchange for their services, and maintained records of their employment.

18. Defendant Duo, among other actions, hired and authorized the firing of Plaintiffs, set their rates of pay, determined their schedule, and maintained employment records.

19. Defendant Duo, as one of the ten largest shareholders of the Corporate Defendant, is individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 1**).

20. Defendant Duo is Plaintiffs' employer under the FLSA and NYLL and is individually liable to Plaintiffs.

## NATURE OF THE ACTION

21. Plaintiffs bring this action on behalf of (a) themselves and other similarly situated employees who have worked for the Defendants on or after the date that is three (3) years before the filing of this Complaint pursuant to the FLSA; and (b) themselves and other similarly situated employees on or after the date that is six (6) years before the filing of this Complaint pursuant to the NYLL and the New York Commissioner of Labor's Wage Orders codified at 12 N.Y.C.R.R. 142 *et seq.*, based upon the following acts and/or omissions:

   i. Defendants' failure to pay minimum wage compensation required by New York State law and regulations to Plaintiffs;

   ii. Defendants' failure to pay overtime compensation required by federal and New York State law and regulations to Plaintiffs when they worked in excess of forty (40) hours per week;

   iii. Defendants' failure to timely pay Plaintiffs; and

   iv. Defendants' failure to provide Plaintiffs with a wage notice or proper paystubs as required by NYLL § 195.

## FACT ALLEGATIONS

22. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiffs have been and continue to be economically injured.

23. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

4

*Plaintiff Li's Schedule and Pay*

24. Defendants employed Plaintiff Li from on or about September 15, 2018 through January 12, 2019 as a warehouse worker working in Defendants' warehouse in Far Rockaway, NY.

25. Throughout Plaintiff Li's employment, Defendants paid him $2,400 monthly, which was an effective daily rate of $92, plus an additional amount for meals.

26. Plaintiff Li regularly worked from approximately 9:00 a.m. until 6:00 p.m. Monday through Saturday.

27. Plaintiff Li took a 45-minute break each workday.

28. Defendants failed to pay Li an overtime premium of time-and-a-half for each of his overtime hours and instead paid to him a set monthly salary.

*Plaintiff Yu's Schedule and Pay*

29. Defendants employed Plaintiff Yu from August 29, 2018 through January 12, 2019 as a warehouse worker working in Defendants' warehouse in Far Rockaway, NY.

30. For the first month of Plaintiff Yu's employment, Defendants paid him $2,400 monthly, which was an effective daily rate of $92, plus an additional amount for meals.

31. Approximately a month into Plaintiff Yu's employment, Defendants gave him a raise to $2,500 monthly, which increased his effective daily rate to $96.

32. Plaintiff Yu regularly worked from approximately 9:00 a.m. until 6:00 p.m. Monday through Saturday.

33. Plaintiff Yu took a 45-minute break each workday.

34. Defendants failed to pay Yu an overtime premium of time-and-a-half for each of his overtime hours and instead paid to him a set monthly salary.

*Plaintiff Gao's Schedule and Pay*

35. Defendants employed Plaintiff Gao from September 6, 2018 through January 11, 2019 as a warehouse worker working in Defendants' warehouse in Far Rockaway, NY, as well as a clerk working in Defendants' store in Flushing, NY.

36. Throughout Plaintiff Gao's employment, Defendants paid him $100 per day on a monthly basis.

37. Plaintiff Gao worked Monday through Friday. He worked Monday through Wednesday at the warehouse and Thursday and Friday at the store.

38. When working at the warehouse, Plaintiff Gao regularly worked from 9:00 a.m. until 6:00 p.m.

39. When working at the store, Plaintiff Gao regularly worked from approximately 10:00 a.m. until 7:00 p.m.

40. Plaintiff Gao took a 45-minute break when working at the warehouse but rarely took a break lasting longer than twenty minutes when working at the store.

41. Defendants failed to pay Gao an overtime premium of time-and-a-half for each of his overtime hours and instead paid to him a set monthly salary.

*Defendants' Violations of NYLL § 195*

42. Defendants have failed to provide Plaintiffs with a wage notice in compliance with NYLL § 195.

43. Defendants did not at any time provide Plaintiffs with a notice specifying their rate of pay, the basis of pay, allowances, if any, claimed against the minimum wage (e.g., tips, meals, lodging) or the identification of their regular pay day.

44. Defendants also failed to provide Plaintiffs with proper wage statements stating, among other things, the number of regular or overtime hours they worked or their hourly rate for regular or overtime hours. Instead, Defendants provided to Plaintiffs a slip of paper that only included their monthly pay.

## COLLECTIVE ACTION ALLEGATIONS

45. Defendants' failure to comply with the FLSA extended beyond the Plaintiffs to all other similarly situated employees insofar as Defendants had a policy to pay their employees a set daily rate with no overtime pay for the hours they worked in excess of 40.

46. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated current and former non-exempt employees of Defendants pursuant to 29 U.S.C. § 216(b).

47. The consent to sue forms for Plaintiffs are attached hereto as **Exhibit 2**.

48. Upon information and belief, there are at least 50 current and former employees who have been denied proper overtime wage compensation while working for Defendants.

49. At all relevant times, Plaintiffs and others who are and/or have been similarly situated, were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek. The claims of Plaintiffs stated herein are similar to those of the other employees.

50. In bringing this action, Plaintiffs are representative of and are acting on behalf of the interests of other current and former non-exempt employees who have worked for Defendants within the last three (3) years.

### CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P.23(b)(3) FOR VIOLATIONS OF THE NYLL

51. Plaintiffs bring this action on behalf of themselves and all other non-exempt persons who were or are employed by the Defendants but who did not receive compensation required by the NYLL in respect to their work for the Defendants.

52. Upon information and belief, this class of persons consists of no fewer than 100 employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

53. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiffs by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the NYLL.

54. The claims of Plaintiffs are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

55. Plaintiffs will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

56. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

57. Plaintiffs bring the second through fifth claims for relief herein on behalf of themselves and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P.23, in

respect to all claims that Plaintiffs and all persons similarly situated have against the Defendants as a result of the Defendants' violations under the NYLL.

### FIRST CLAIM FOR RELIEF
### (FLSA Overtime Wage Violations)

58. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

59. Throughout the statute of limitations period covered by these claims, Plaintiffs and others similarly situated regularly worked in excess of forty (40) hours per workweek.

60. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiffs and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

61. Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### (NYLL Overtime Wage Violations)

62. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

63. New York law prohibits an employer from permitting an employee to work without paying overtime wages for all hours worked in excess of forty (40) in any workweek.

9

64. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly have failed to pay Plaintiffs and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

65. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(NYLL Minimum Wage Violations)**

66. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

67. Defendants knowingly and willfully paid the Plaintiffs and others similarly situated less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

68. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (NYLL Failure to Notify)

69. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

70. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiffs and other similarly situated employee's hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

71. Pursuant to §195(3) of the NYLL, Defendants were required to provide to Plaintiffs and others similarly situated a wage statement containing, *inter alia*, a record of each overtime hour worked and the employee's overtime rate of pay.

72. Defendants failed to provide Plaintiffs and others similarly situated with a notice or proper wage statements in accordance with §195 of the NYLL.

73. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damages and seek damages in accordance with §198 of the NYLL for each week Defendants failed to provide such notice and wage statement, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (NYLL Failure to Timely Pay Wages)

74. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

75. New York State labor law § 191 requires that a manual laborer be paid no less frequently than once a week.

76. Defendants unlawfully paid Plaintiffs once a month.

77. Defendants willfully and intentionally made these untimely payments in violation of the NYLL and supporting Department of Labor Regulations.

78. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment for:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiffs' costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated: February 21, 2019
      New York, New York

Respectfully submitted,

Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFFS*

# EXHIBIT 1

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:  HIGH MAY INC. and DUO WANG

PLEASE TAKE NOTICE that TIANYI GAO, LIU YU, and LIU LI, as employees of the above corporation who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants, and/or employees of the above corporation for services performed by them for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

THEY ALSO HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: New York, New York
February 21, 2019

FISHER TAUBENFELD LLP

_____/s/_____
Michael Taubenfeld
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFFS*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO:   DUO WANG

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that TIANYI GAO, LIU YU, and LIU LI, on behalf of themselves and on behalf of all others similarly situated, intend to charge you and hold you personally liable as one of the ten largest shareholders of HIGH MAY INC., for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them for the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

    Dated: New York, New York
           February 21, 2019

                                    FISHER TAUBENFELD LLP

                                    _____/s/_____
                                    Michael Taubenfeld
                                    225 Broadway, Suite 1700
                                    New York, New York 10007
                                    Phone: (212) 571-0700
                                    Facsimile: (212) 505-2001
                                    *ATTORNEYS FOR PLAINTIFFS*

# EXHIBIT 2

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was formerly employed by High May Inc., and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

_____/s/_____
SIGNATURE

02/21/2019_____
DATE

I hereby declare that I am fluent in both the Mandarin and English languages and that English translation of the above Consent to Sue form is a true translation of the Mandarin Consent to Sue form signed by Tianyi Gao, Lui Yu, and Liu Li.

_____
LING DING

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT
(依据 联邦劳动标准法案同意起诉书)

I am an individual who was employed by High May Corp., and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

我是 High May Corp. 公司的雇员或者相关主体。 我同意在此诉讼作为原告来追讨欠付的工资。我同意遵守在本案中由我签署的"专业法律服务同意书"中的条款。

_刘宇 Liu Yu_____
NAME（名字）

_Liu Yu_____
SIGNATURE（签字）

_1/28/2019_____
DATE（日期）

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT
（依据 联邦劳动标准法案同意起诉书）

I am an individual who was employed by High May Corp., and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

我是 High May Corp. 公司的雇员或者相关主体。 我同意在此诉讼作为原告来追讨欠付的工资。我同意遵守在本案中由我签署的"专业法律服务同意书"中的条款。

_____
NAME（名字）

_____
SIGNATURE（签字）

_____1/28/019_____
DATE（日期）

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT
## （依据 联邦劳动标准法案同意起诉书）

I am an individual who was employed by High May Corp., and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

我是 High May Corp. 公司的雇员或者相关主体。 我同意在此诉讼作为原告来追讨欠付的工资。我同意遵守在本案中由我签署的"专业法律服务同意书"中的条款。

_Tianyi Gao_
NAME （名字）

_[signature]_
SIGNATURE （签字）

_1/28/2019_
DATE （日期）